UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR - 7 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

STEVEN M. HUNTER, )
)
           Petitioner, )
)
           v. ) Civil Action No. **11 0480**
)
BRIAN BLEDSOE, )
)
           Respondent. )

## MEMORANDUM OPINION

Petitioner is serving a 10 to 31 year term of imprisonment following his conviction in the Superior Court of the District of Columbia in 1996. *See* Pet. at 2. He represents that the District of Columbia Court of Appeals affirmed the conviction and that he unsuccessfully sought relief by motion to vacate, set aside or correct his sentence under D.C. Code § 23-110. *Id.* at 3. In the instant petition, petitioner lists 17 grounds for habeas relief, *see id.* at 5-14 (handwritten attachment to preprinted petition form), none of which are properly before this Court.

Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to

test the legality of his detention"). Petitioner could have raised any of these grounds either in a motion under D.C. Code § 23-110 in the Superior Court, or in an appeal to the Supreme Court of the United States of a District of Columbia Court of Appeals decision. *See Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."); D.C. Code § 11-102 ("Final judgments and decrees of the District of Columbia Court of Appeals are reviewable by the Supreme Court of the United States in accordance with section 1257 of title 28, United States Code."). And petitioner's bald assertion of "actual innocense of the charge of first degree burglary," which allegedly can be proven with "the 911 tape and the radio run," Pet. at 13, "falls far short of presenting 'a colorable showing of factual innocence.'" *Hiligh v. Quintana*, No. 10-1717, 2010 WL 4069160, at *2 (D.D.C. Oct. 15, 2010) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Petitioner's lack of success in his previous attempts to collaterally attack his conviction or sentence does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will deny the petition and dismiss this action. An Order is issued separately.

_____
United States District Judge

DATE: March 4, 2011